*Aflac v. Baker*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-one.

Present:

> AMALYA L. KEARSE,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> *Circuit Judges*.

---

AMERICAN FAMILY LIFE ASSURANCE COMPANY OF NEW YORK,

> *Petitioner-Appellee*,

v.                                                             No. 20-1435

FREDERICK L. BAKER, LOUIS VARELA,

> *Respondents-Appellants*.

---

For Petitioner-Appellee:               LISA HELEN CASSILLY, Alston & Bird LLP, Atlanta, GA (David Wohlstadter, Alston & Bird LLP, New York, NY, *on the brief*).

For Respondents-Appellants:            DIMITRY JOFFE, Joffe Law P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Respondents-Appellants Frederick L. Baker and Louis Varela appeal from a judgment of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*) granting in relevant part the petition to compel arbitration filed by Petitioner-Appellee American Family Life Assurance Company of New York ("Aflac"). The respondents argue in this appeal that the arbitration agreement they each signed with Aflac is unconscionable and unenforceable because it operates as a prospective waiver of their rights under the Employee Retirement Income Security Act of 1974 ("ERISA") and other federal statutes. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Consistent with the "liberal federal policy favoring arbitration" embodied in the Federal Arbitration Act, *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011), "[i]t is by now clear that statutory claims may be the subject of an arbitration agreement," *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991); *see also, e.g.*, *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985) (holding that a party may be compelled to arbitrate Sherman Act claim where it agreed by contract to do so).[1] It is just as clear, however, that an agreement to arbitrate a federal statutory claim is enforceable only if "the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum." *Mitsubishi*

_____

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

*Motors*, 473 U.S. at 637. Where the provisions of an arbitration agreement operate as "a prospective waiver of a party's right to pursue statutory remedies," that agreement would be unenforceable "as against public policy." *Id.* at 637 n.19; *see also Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 235 (2013).

The respondents here, former Aflac sales associates, argue that the substantially identical arbitration agreements that each entered into with Aflac (individually, the "Agreement") is unenforceable because it contains such a prospective waiver. Specifically, the respondents contend that the Agreement, if enforced according to its terms, would completely bar them from raising the claims they wish to bring against the company under ERISA and other federal statutes. They note that the Agreement first prevents them from bringing these claims in a judicial forum, because the broad language in its paragraph 10.1 mandates arbitration of "any dispute" between a sales associate and the company. Joint App'x 29, 54. At the same time, in their view, the Agreement prohibits them from raising these claims in an arbitral forum, because another provision— paragraph 10.7.1—limits the scope of any arbitration to claims for breach of contract, fraud, or willfully tortious conduct. Under the Agreement's terms, respondents contend, they cannot effectively vindicate their statutory rights in any forum at all. The proper remedy, they argue, is to void the Agreement so that they may raise their ERISA and other federal statutory claims in court.

Aflac, for its part, represented to the court below that it would waive the application of paragraph 10.7.1, making clear that respondents will be able to raise these statutory claims in arbitration. Given this representation, which Aflac is judicially estopped from revoking, the district court concluded that respondents' unconscionability arguments regarding paragraph 10.7.1 were moot and that the Agreement was enforceable.

On de novo review, *see Ragone v. Atlantic Video at Manhattan Center*, 595 F.3d 115, 120 (2d Cir. 2010), we agree with the district court. The situation here resembles that presented in *Ragone*, where an employer sought to save its arbitration agreement with its former employee by waiving two provisions that the former employee challenged as preventing her from effectively vindicating her statutory rights. *See id.* at 123–24. Reasoning that New York law—which also governs Aflac's contracts with the respondents—would permit enforcement of the arbitration agreement as modified by the employer's voluntary waiver, we held in the employer's favor and affirmed the order compelling arbitration. *See id.* at 124.

We reach the same result here. The respondents argue that their case is distinguishable from *Ragone* based on our "Note of Caution" in our decision there. In the Note of Caution, we explained that we might have reached a different result "[h]ad the [employer] attempted to enforce the arbitration agreement as originally written." *Id.* at 125. But like the employer in *Ragone*, Aflac is *not* seeking to enforce the Agreement as originally written: rather, it has agreed to waive paragraph 10.7.1 and to make clear that respondents may raise their federal statutory claims in arbitration.

Even if Aflac had not so agreed, and we found paragraph 10.7.1 to be unlawful, the correct remedy under New York law would be to sever paragraph 10.7.1 and enforce the Agreement's remaining terms. *See id.* at 124–25. As we noted in *Ragone*, *id.* at 125, New York courts generally honor "the state and federal policy favoring arbitration" by "sever[ing] the improper provision of the arbitration agreement, rather than void[ing] the entire agreement," *Brady v. Williams Cap. Grp., L.P.*, 64 A.D.3d 127, 137, 878 N.Y.S.2d 693, 701 (N.Y. App. Div. 1st Dep't 2009) (collecting cases), *aff'd as modified*, 14 N.Y.3d 459, 902 N.Y.S.2d 1 (2010). This holds particularly true where, as here, the contract contains a severability clause directing this approach.

4

*See id.* at 137–38; *Dumitru v. Princess Cruise Lines, Ltd.*, 732 F. Supp. 2d 328, 346 (S.D.N.Y. 2010).

Anticipating this retort, the respondents cite several out-of-circuit cases in which other courts invalidated entire arbitration agreements rather than sever unconscionable terms. *See, e.g.*, *Dillon v. BMO Harris Bank, N.A.*, 856 F.3d 330 (4th Cir. 2017); *Hayes v. Delbert Servs. Corp.*, 811 F.3d 666 (4th Cir. 2016); *Graham Oil Co. v. ARCO Prods. Co.*, 43 F.3d 1244 (9th Cir. 1994). But, unlike the contested provisions in those cases, paragraph 10.7.1 here is "a single, isolated provision" in an otherwise valid arbitration agreement, *Graham Oil*, 43 F.3d at 1248. Viewed in context, it does not "go to the core of the arbitration agreement," *Dillon*, 856 F.3d at 336. Accordingly, we cannot conclude that the Agreement represents "an integrated scheme to contravene public policy" such that the offending provision is not severable. *Id.* at 337.

We have considered the respondents' remaining arguments on appeal and find in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5